UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

_____
                                   )
ELAINE K. MURRAY and                )
RUTH LEVENS,                        )
                                   )
              Plaintiffs,           )
                                   )
v.                                  )   Civil Action
                                   )   No. 17-10608-PBS
MASSACHUSETTS DEPARTMENT OF         )
CONSERVATION AND RECREATION,        )
                                   )
              Defendant.            )
_____)


**ORDER**

October 11, 2017

Saris, C.J.

**ORDER**

Plaintiffs Elaine Murray and Ruth Levens seek a declaratory judgment that the Newton Lower Falls Branch Rail Line, which runs behind their homes, is an abandoned line. The Massachusetts Department of Conservation and Recreation ("Department") moves to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that the Surface Transportation Board ("STB") has exclusive jurisdiction over questions of abandonment (Docket No. 8). After hearing, the Department's motion to dismiss is **ALLOWED**.

Plaintiffs first sought relief via a quiet title action in state court, but the state court dismissed the action for lack

1

of subject-matter jurisdiction, finding that the threshold question of whether the rail line was abandoned fell within the STB's exclusive jurisdiction. Murray v. Department of Conservation and Recreation, 55 N.E.3d 420, 425 (Mass. 2016).

Plaintiffs next turned to this Court, rather than the STB, prompting the Department's motion to dismiss for lack of subject-matter jurisdiction. Docket No. 8. After hearing, the Court invited the STB to weigh in on the dispute regarding its jurisdiction on the question of abandonment. Docket No. 21. The STB filed a persuasive brief as amicus curiae arguing that its jurisdiction is exclusive on the question of abandonment. Docket No. 24. Specifically, the STB takes the position, based on the undisputed evidence, that the rail line in question was not previously abandoned pursuant to the terms of the Regional Rail Reorganization Act of 1973, Pub. L. No. 93-236, 87 Stat. 985 (1974) (3R Act). See Docket No. 24 at 6-9 (citing Regional Railroad Cases, 419 U.S. 102, 116-17 (1974)). This construction of the complex statutory scheme is entitled to deference. See Chevron USA, Inc. v. NRDC, Inc., 467 U.S. 837, 842-44 (1984).

The Court agrees with the STB that it lacks subject-matter jurisdiction to grant the relief Plaintiffs seek. Because Plaintiffs are on the wrong track, the Court **ALLOWS** the Department's motion to dismiss (Docket No. 8). Assuming the

Court has jurisdiction to grant Plaintiffs' request to declare the Department's deed invalid, the Court denies that request.

                                        /s/ PATTI B. SARIS
                                        Patti B. Saris
                                        Chief United States District Judge